**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IGNACIO BLANCAS, PEDRO MORALES, SALVADOR QUINTANA, ARTURO AVILA, and ARTURO ORTIZ, on behalf of themselves and other similarly situated persons,<br><br>            Plaintiffs,<br><br>    v.<br><br>CAIRO & SONS ROOFING CO, INC., and MARIO CAIRO<br><br>            Defendants. | Case No. 12 C 2636<br><br>Judge Durkin |

**<u>STIPULATION OF SETTLEMENT</u>**

This Stipulation of Settlement is made by and between Plaintiffs Ignacio Blancas, Pedro Morales, Salvador Quintana, Arturo Avila, and Arturo Ortiz ("Plaintiffs") on behalf of themselves and all other similarly situated persons and Cairo & Sons Roofing Co., Inc. ("CSR"), and Mario Cairo (collectively, "Defendants"), as to the Complaint relating to Defendants' alleged failure to pay Plaintiffs and the Class they represent overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), and for their alleged violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. ("IWPCA").

1.     **DEFINITIONS**

    **1.1.** The term "Agency" means Working Hands Legal Clinic ("WHLC"), which has an Internal Revenue Service designation as a Section 501(c)(3) organization, or any alternative charitable organization having an Internal Revenue Service Section 501(c)(3) designation, which has been selected by Plaintiffs and approved by Defendants.

**1.2.**  The terms "Agreement" or "Settlement Agreement" mean this Stipulation of Settlement.

**1.3.**  The term "Claim Form" means the document by which Class Members can make a claim for settlement proceeds or can opt-out of the Settlement, in the form attached as Exhibit B.

**1.4.**  The term "Class Member" means a person, other than the Named Plaintiffs, who meets the class definitions in Section 6, and who has not filed a written request to 'opt out' of the Litigation. A list of putative Class Members is attached as Exhibit A.

**1.5.**  The term "Class Settlement Amount" means the remainder of the total Settlement Amount less attorneys' fees and costs as provided in Section 14, and the enhancement awards and consideration for general releases to be paid to the Named Plaintiffs as specified in Section 13Class Counsel will be responsible for administering the claims process and will cover costs associated with claims administration as detailed in Section 9.  Nothing in this Agreement requires Defendants to create or maintain the Class Settlement Amount in any specific segregated account. Rather, the term is used for purposes of this Agreement solely to describe the portion of the overall Settlement Amount that is to be distributed to the Class Members and Name Plaintiffs as compensation for allegedly unpaid wages.

**1.6.**  The term "Court" means the United States District Court for the Northern District of Illinois.

**1.7.**  The term "Defendants" means Defendants Cairo & Sons Roofing Co. Inc. and Mario Cairo.

**1.8.**  The term "Defendants' Counsel" means all counsel who appeared as attorneys of record on behalf of Defendants in the Litigation, or who subsequently so appear.

**1.9.** The term "Effective Date" means the date on which the time for appeal has passed following final Court approval, or, in the event of an appeal, the date on which the appeal is finally resolved.

**1.10.** The term "Filing Deadline" means the final day on which a Class Member may make a claim for a payment from the Class Settlement Amount or file a written request to opt-out from this Litigation, and shall be sixty (60) days after the date of the deadline for the initial mailing of the Class Action Notice to the Class Member by Class Counsel.

**1.11.** The term "Final Order" means the Court's action granting final approval of this Agreement, or in the event of an appeal of such order, the appellate order upholding the Court's order.

**1.12.** The term "Litigation" means this class action lawsuit filed in the United States District Court for the Northern District of Illinois, entitled *Ignacio Blancas, Pedro Morales, Salvador Quintana, Arturo Avila, and Arturo Ortiz, on behalf of themselves and other similarly situated persons v. Cairo & Sons Roofing Co. Inc., and Mario Cairo,* Case No. 12 C 2636.

**1.13.** The term "Named Plaintiffs" means Ignacio Blancas, Pedro Morales, Salvador Quintana, Arturo Avila, and Arturo Ortiz.

**1.14.** The terms "Class Action Notice" mean a notice of this Litigation and Settlement to Class Members in the abridged form attached as Exhibit C or the unabridged form attached hereto as Exhibit D.

**1.15.** The term "Parties" means the Named Plaintiffs (including on behalf of themselves and the Class Members) and Defendants.

**1.16.** The term "Payees" means all Class Members who file successful claims for settlement proceeds.

**1.17.** The term "Plaintiffs' Counsel" and "Class Counsel" means Workers' Law Office, PC.

**1.18.** The term "Preliminary Approval" means the Court's Order granting preliminary approval of this Agreement, a draft of which is attached as Exhibit F.

**1.19.** The term "Released Parties" means CSR and all of its parents, divisions, subsidiaries, partnerships, affiliates, and benefit plans and all of their past, present, and future trustees, fiduciaries, owners, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers and attorneys, and Mario Cairo and all of his successors, heirs, and assigns.

**1.20.** The term "Remainder Amount" means the unclaimed portion of the Class Settlement Amount that remains after payments have been made to Class Members who successfully file a claim on the Class Settlement Amount.

**1.21.** The term "Settlement Amount" means the sum of Three Hundred Thousand and 00/100 Dollars ($300,000.00), described below in Section 11.

**1.22.** The term "Settlement" means the Parties' compromise of this Litigation as set forth in this Agreement.

**1.23.** The term "Settlement Period" means the period between April 10, 2009 and April 10, 2012.

**2. BACKGROUND**

**2.1.** On April 10, 2012, a class action lawsuit was filed in the U.S. District Court for the Northern District of Illinois and amended on August _____, 2013. The case is currently titled *Ignacio Blancas, Pedro Morales, Salvador Quintana, Arturo Avila, and Arturo Ortiz, on*

*behalf of themselves and other similarly situated persons v. Cairo & Sons Roofing Co. Inc., and Mario Cairo,* Case No. 12 C 2636.

**2.2.** Counts I and II of the Amended Complaint asserts individual violations of the FLSA and IMWL, respectively, based upon Defendants' alleged failure to pay the Named Plaintiffs and Class Members overtime wage for all hours worked in excess of forty (40) hours per week. Count III asserts class-wide violations of the IWPCA for Defendants' alleged failure to pay the Named Plaintiffs and Class Members wages at the rate agreed upon by the parties for all time worked.

**2.3.** The Parties now jointly seek to certify a class of persons, for settlement purposes only, that falls within Plaintiffs' IMWL, and IWPCA claims.

**3.      SCOPE, PURPOSE AND BENEFITS OF THE SETTLEMENT**

**3.1.** This Agreement is intended to, and does effectuate, the full, final, and complete resolution of the Litigation. The Named Plaintiffs will provide Defendants with a full and complete release, as defined in Section 7 of this Agreement.

**3.2.** This Agreement identifies the procedures for notice to Class Members and calculation of subsequent claims for owed overtime and other straight time wages at the rate agreed to by the parties resulting from Defendants' alleged practice of failing to compensate Plaintiffs and the Class for all time worked, including time worked in excess of forty hours per week. This procedure will resolve Plaintiffs' and Class Members' overtime wage claims, and unpaid wage claims at the rate agreed to by the parties as alleged under Counts I through III in the Amended Complaint.

**3.3.** The Parties agree that based on the claims made and the remedies available in this litigation, one-half of each settlement payment constitutes back wage payments subject to all

5

required employer paid payroll taxes and deductions and the remaining one-half of each settlement payment constitutes payment for liquidated damages, penalties, and prejudgment interest for each Named Plaintiff of Class Member's release of claims.

    **3.4.** Named Plaintiffs and Defendants do not abandon the respective positions they have taken throughout the course of the Litigation. Nonetheless, they recognize that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of this recognition, Named Plaintiffs and Defendants believe that this Settlement is the best way to resolve the Litigation as between them.

## 4.     JURISDICTION

The Court has jurisdiction over the Parties, Class Members and the subject matter of the Litigation. The Parties shall seek the Court's consent to retain jurisdiction of the Litigation for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein.

## 5.     DEFENDANTS' STATEMENT OF NO ADMISSION OF LIABILITY; NO EVIDENTIARY EFFECT

    **5.1.** This Agreement, including all exhibits and related documents presented in the course of litigation and/or settlement negotiations, do not constitute, and are not intended to constitute, and will not be deemed to constitute, an admission by Defendants or any of the other Released Parties as to the merits of the allegations or claims made in the Litigation.

    **5.2.** Nothing in this Agreement, including any action taken in implementation thereof, any statements, discussions or communications, and any materials prepared, exchanged, issued or used during the course of the Litigation or the negotiations leading to the Agreement, is intended to be introduced, be used or be admissible in any way in the Litigation or any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any

violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Agreement may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Agreement or any orders or judgments of the Court entered in connection therewith.

**5.3.** If this Agreement is not approved by the Court or by an appellate court, Defendants will not be deemed to have waived, limited, or affected in any way any objections or defenses in the Litigation.

## 6.    DEFINITION OF SETTLEMENT CLASS

**6.1.** In order to implement the terms of this Agreement, Named Plaintiffs and Defendants agree to seek certification by the Court of the following settlement class, pursuant to Fed. R. Civ. P. 23:

> All individuals who were employed by Defendants between April 10, 2009 and April 10, 2012 in any hourly position, excluding office positions, but who were allegedly not paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks and/or who were allegedly not compensated for all time worked in individual work weeks.

All known Class Members are identified in Exhibit A, attached hereto. Any individual not identified by Defendants in Exhibit A will not be considered a Class Member for purposes of this Agreement and will not be bound by the Settlement.

**6.2.** The names of the putative Class Members are attached hereto as Exhibit A.

**6.2.1.** As a material term of this Agreement the parties have agreed that the names and contact information of the Class Members will remain confidential between counsel for the Parties. Plaintiffs and Class Counsel agree not to disclose the names of the individuals listed in Exhibit A to any third party and, to the extent necessary to secure

7

Court approval of this Agreement, to the Court and its officers and agents, and such other parties as may be required by the Court. The names included in Exhibit A will be redacted from any copy of this Agreement publicly filed with the Court. The Parties will seek leave of the Court to submit an unredacted copy of Exhibit A to the Court for *in camera* inspection. If the Court requires an unredacted copy of Exhibit A to be filed with the Clerk's office, the parties will seek leave to file it under seal.

7.     **WAIVER, RELEASE AND DISMISSAL**

 **7.1.**  General Release of Claims by the Named Plaintiffs

In addition to the foregoing, the Named Plaintiffs, on behalf of themselves and their heirs, legatees, personal representatives and assigns, hereby release and discharge the Released Parties from any actions, claims, charges, demands, liabilities, obligations, fees, or suits of any kind, whether known or unknown, which the Named Plaintiffs have, have had or may have arising from their employment with CSR, from the beginning of time through the Effective Date of this Agreement. Without limiting the generality of the foregoing, this release includes: (i) any claims or allegations asserting discriminatory termination, harassment or retaliation; (ii) all claims under the FLSA, 29 U.S.C. § 201, *et seq.*, the IMWL, 820 ILCS 105/1, *et seq.,* the IWPCA, 820 ILCS 115/1, *et seq.*, Title VII, 42 U.S.C. §§ 2000e *et seq.*, Section 1981, the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.,* the Employee Retirement Income Security Act of 1973 as amended, 29 U.S.C. §§ 1001, *et seq.*, the National Labor Relations Act as amended, 29 U.S.C. §§ 151, *et seq.*, the Occupational Safety and Health Act of 1970 as amended, 29 U.S.C. §§ 651 *et seq.*, and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, *et seq.*; (iii) any other federal, state,

county or local statute, ordinance, regulation or order concerning the rights of employees; and (iv) all employment-related claims under the common law of any state, whether in tort, contract or otherwise. The Named Plaintiffs will be required to execute a General Release, in the form attached hereto as Exhibit E, as a condition to receiving any payments to which they are entitled under Section 11 below.

**7.2.** Binding Effect of Waiver and Release of Claims

Upon the Court's issuance of the Final Order, the general release of claims shall be binding on the Named Plaintiffs and shall be binding on their heirs, legatees, personal representatives and assigns, or anyone claiming through them.

**7.3.** Settlement of claims for all earned wages, overtime wages, and all other wage claims.

Upon the Court's issuance of the Final Order, this Agreement shall act as a full and final settlement of all claims arising under Counts I through III of the First Amended Complaint and all other claims for unpaid wages, overtime, or minimum wages including but not limited to all claims arising under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.,* ("FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1, *et seq.,* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.,* ("IWPCA"), and Illinois Prevailing Wage Act 820 ILCS 130/1 *et seq.,* ("IPWA") for all Class Members as against Defendants arising on or before the date that the Court enters an order preliminarily approving this Stipulation of Settlement. Upon full performance of all terms and conditions of the Settlement, the Parties agree that the Litigation will be dismissed with prejudice, and through their respective counsel will take all steps reasonably necessary to seek such dismissal from the Court.

8.    **CONDITIONS OF SETTLEMENT**

**8.1.**  This Stipulation of Settlement is expressly contingent on the following conditions precedent:

    **8.1.1.**   The Court preliminarily approves this Stipulation of Settlement and the Notice and Claim Form;

    **8.1.2.**   The Court certifies the Class as defined in Section 6;

    **8.1.3.**   The Court conducts a Fairness Hearing; and

    **8.1.4.**   The Court issues a Final Order approving this Stipulation of Settlement and dismissing the Litigation as provided in Section 10.

**8.2.**  The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of implementing and achieving the conditions set forth above, including without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or institution of other action or proceedings seeking review of the Final Order or seeking the assertion of any cause of action contemplated or released by this Stipulation of Settlement. The Parties further agree that the case shall be stayed in all respects during the process of satisfying the conditions precedent as provided herein, until the entry of a Final Order is no longer a possibility as determined by this Court or a court of appeal.

**8.3.**  The Plaintiffs' counsel shall seek Preliminary Approval of this Settlement.

**8.4.** If 10% or more of the potential Class Members opt out of the Settlement, Defendants shall have the option of declaring this Agreement null and void. If Defendants declared this Agreement void after 10% or more Class Member opted out of this Agreement, Defendants will be under no obligation to pay any payment under this Agreement and nothing

in this Stipulation of Settlement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation. Furthermore, the Parties will not have waived, and expressly reserve, their respective rights with regard to the prosecution and defense of the Litigation, as if this Stipulation of Settlement never existed.

    **8.5.** If the Court does not enter a Final Order for any reason that cannot be cured by the Parties, or, in the event of an appeal, the Final Order is not upheld, all matters covered by this Agreement shall be null and void and Defendants shall be under no obligation to pay any payment under this Agreement and nothing in this Stipulation of Settlement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation. Further, should a Final Order not be entered and/or upheld on appeal, the Parties shall not have waived, and expressly reserve, their respective rights with regard to the prosecution and defense of the Litigation, as if this Stipulation of Settlement never existed.

## 9. NOTICE, FILING OF CLAIMS AND OPPORTUNITY TO OPT-OUT

    **9.1.** Notice to Class Members

        **9.1.1.** No later than seven (7) days after the Court's Preliminary Approval, CSR will tender to Plaintiffs' Counsel a Microsoft Excel spreadsheet (the "Notice List") including the following information for each Class Member:

            **9.1.1.1** First Name, Last Name, and Middle Initial

            **9.1.1.2** Most recent mailing address CSR's records

            **9.1.1.3** Starting and ending dates of employment with CSR

9.1.2.   Using the information provided by CSR under Section 9.1.1, Class Counsel will prepare a Notice Packet for each Class Member, consisting of a Claim Form in the form attached hereto as Exhibit B and the Abridged Notice of Class Action Settlement ("Abridged Notice") attached as Exhibit C. The Abridged Notice includes instructions for filing a claim or opting out of the settlement of this litigation as well as a brief description of the Settlement and instructions on how any class member may receive the unabridged version of the Class Action Notice of this Litigation and Agreement ("Unabridged Notice"), a copy of which is attached hereto as Exhibit D. The Unabridged Notice contains a detailed description of the terms of the Settlement. Class Counsel will mail a copy of the Unabridged Notice to any member of the Settlement Class who requests it as provided in the instructions in the Abridged Notice within 5 business days after the request.

9.1.3.   No later than 21 days after the Court's Preliminary Approval, Class Counsel will mail the Notice Packet to each Class Member via first-class U.S. mail. Prior to mailing, the Class Counsel will run the addresses for Class Members through the USPS's NOCA database to ensure summary notice is mailed to the most currents address.

9.1.4.   Within 14 days of mailing, the Class Counsel shall provide the Counsel for Defendants with a list of the names and contact information for all persons to whom the Abridged Notice and Claims Form were sent, and the date or dates on which they were sent to each such person. At the same time, Class Counsel will provide copies of all materials sent to the Class Members, including the addressed envelopes. The Class Counsel shall notify Counsel for the Defendants of any Class Member whose Notice of

Class Action is returned as undelivered and provide a copy of the returned envelope and any other notice received from the Postal Service.

**9.1.5.** If the Notice Packet for any Class Member is returned to the Class Counsel as undelivered within thirty (30) days after the deadline for the initial mailing specified in Section 9.1.3 and Class Counsel receives a forwarding address from the U.S. Postal Service, the Class Counsel will promptly mail the Notice Packet to the forwarding address provided by the U.S. Postal Service. If after this Second Mailing the Class Action Notice and Claim Form are again returned as undelivered, or if no different forwarding address is provided by the U.S. Postal Service, the noticed mailing process shall end for that Class Member, who will be deemed not to have opted out of the Settlement and shall be bound by this Agreement.

**9.1.6.** No later than fourteen (14) days after the completion of the Second Mailing, Class Counsel will provide the Parties' Counsel with a list of the names and contact information of all Class Members to whom Class Action Notice and Claim Form was sent as part of the Second Mailing, and the date or dates of that mailing. At the same time, Class Counsel will provide copies of all materials sent to the Class Members, including the addressed envelopes.

**9.2.** Within seven days after the Filing Deadline, the Class Counsel will provide counsel for the Defendants with copies of all Claim Forms received on or before the Filing Deadline, and of post-marked envelopes (or, if none, other documentation) establishing that the claims forms were timely submitted.

**9.3.** Opportunity to Opt Out and Opt-Out Period

9.3.1.    A Class Member electing to be excluded from this Settlement and the Litigation must file a written request to opt out of the Settlement with the Court no later than the Filing Deadline, and promptly serve a copy of the request on the Parties' Counsel. The Filing Deadline applies notwithstanding any assertion of non-receipt of the Notice of Class Action by any Class Member.

9.3.2.    This Agreement and Final Order shall not apply to persons who opt out of the Litigation in accordance with Section 9.3.1. Any such person shall be excluded from the Settlement, and shall not be entitled to any payment pursuant to this Agreement. The parties will request that the Preliminary Approval Order provide that no putative Class Member will purport to exercise any exclusion rights of any other person, or purport to opt out other Class Members as a group, aggregate, or class involving more than one Class Member, or as an agent or representative. Any such purported opt-outs shall be void, and the Class Members that are the subject of the purported opt-out shall be treated as Settlement Class Members for all purposes.

 9.4.    Class Counsel's Communication With The Class Members

The Abridged Notice and Unabridged Notice will contain a telephone number for the Class Counsel.  Class Counsel will respond to any communications or inquiries by any Class Members regarding the settlement and the procedures for participating in this settlement or opting out of the settlement.

10.    COURT PROCEEDINGS

This Agreement establishes procedures to secure final Court approval of the Settlement. These procedures are governed exclusively by the terms and conditions set forth in this Agreement, subject to approval of the Court.

**10.1.**  Plaintiffs' Counsel will file a Motion for Preliminary Approval of this Agreement with the Court. A copy of this Agreement will be included as an exhibit to Plaintiffs' Motion, with the names of the Class Members redacted as provided in Section 6.2.1.

**10.2.**  The Parties will execute this Agreement within fourteen (14) days of the Court granting Preliminary Approval of this Agreement.

**10.3.**  Fairness Hearing

The Parties will request the Court to conduct a Fairness Hearing on a date to be scheduled by the Court for purposes of reviewing the Settlement, evaluating objections by Class Members, if any, and deciding whether to issue a Final Order granting final approval of this Agreement and dismissing Counts I through Count III of the Amended Complaint with prejudice. As a part of the Parties' Agreed Motion for Final Approval of Class Settlement, the Parties will include all relevant information and reports regarding notice to the class. The Parties will request that the Fairness Hearing be scheduled no sooner than 21 days but within 50 days after the Filing Deadline.

**10.4.**  This Agreement is contingent on the issuance of the Final Order. The Parties agree to take all reasonable steps as may be necessary to secure the Court's approval of this Agreement, to the extent not inconsistent with the terms of this Agreement. The Parties further agree that they will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval, of the Agreement. The Parties expressly agree that they will not file any objection (other than a request for correction) to the terms of this Agreement and will not assist or encourage any person or entity to file any such objection.

**10.5.** The Parties will request that the Final Order provide for the Court to retain jurisdiction over the Litigation for a period not to exceed 180 days for the sole purpose of

administering and enforcing the terms of the Settlement, after which time the Litigation will be dismissed with prejudice absent further order of the Court.

## 11. SETTLEMENT AMOUNT

**11.1.** In consideration for this Agreement, the releases to be provided by the Named Plaintiffs and Class Members under this Agreement, and dismissal of the Litigation with prejudice, CSR will pay a total Settlement Amount of Three Hundred Thousand Dollars ($300,000), to be divided as follows:

**11.1.1.** Forty Six Thousand One Hundred Dollars of the Settlement Amount will be paid to the Named Plaintiffs for as an Enhancement Award and in consideration for their General Releases, as provided in Section 13.

**11.1.2.** Ninety Thousand Dollars of the Settlement Amount will be paid to Plaintiffs' Counsel as compensation for attorneys' fees and costs, as provided in Section 14. Reasonable fees and expenses of the associated with administering the claims process set forth in this Agreement will be covered by Class Counsel.

**11.1.3.** The remainder of the Settlement Amount, totaling One Hundred Sixty Three Thousand Nine Hundred Dollars ($163,900), referred to in this Agreement as the "Class Settlement Amount," will be distributed to the Class Members and Named Plaintiffs as provided in Section 12 below.

**11.2.** All payments provided for in this Agreement will be made from the Settlement Amount, and in no event will Defendants' total financial responsibility under this Agreement exceed the Settlement Amount, except that:

      **11.2.1.** CSR will pay the employer share of any payroll taxes that it is required to pay in connection with the payments to Class Members and the Named Plaintiffs under this Agreement; and

      **11.2.2.** CSR will pay for the cost of its own employees' labor necessary to comply with this Agreement, and for any incidental costs associated with issuing and mailing the checks and tax statements provided for in this Agreement.

**12.**     **Disbursement of the Class Settlement Amount**

  **12.1.** Conditions for Payment to Class Members

To receive a payment under this Section 12, a Class Member must complete and sign the Claim Form without deletion or amendment of the release language, and return the Claim Form to the Class Counsel postmarked no later than the Filing Deadline. Class Counsel may respond to requests from Class Members for assistance in completing the Claim Form. Any person who fails to submit a valid, complete and timely Claim Form shall receive no benefit from this settlement. Any completed Claim Form that is returned to the Class Counsel postmarked after the Filing Deadline shall be deemed untimely and invalid.

  **12.2.** Amount of Payments to Class Members

      **12.2.1.** Each Named Plaintiff and each Class Member who satisfies the conditions stated in Section 12.1 will receive a proportional share of the Class Settlement Amount. For settlement purposes only, Plaintiffs' Counsel used the extensive time and payroll records produced by Defendants for each of the Named Plaintiffs to calculate a Maximum Potential Award per Calendar Day of Employment during the Limitations Period ("R") for each Named Plaintiff and for each category of Class Member. This amount represents an estimate of the amount of wages and overtime pay that Plaintiffs

contend is owed by Defendants to each Named Plaintiff and Class Member for uncompensated travel and loading / unloading time. R for each Named Plaintiff and category of Class Member is as follows:

      **12.2.1.1** For Class Members identified by Defendants as Installation Crew members, $2.44.

      **12.2.1.2** For Class Members identified by Defendants as Service Crew members, $14.87.

      **12.2.1.3** For class members identified by Defendants as splitting time between Installation and Service Crew duties, $6.17.

      **12.2.1.4** For Class Members identified by Defendants as Service Crew Drivers, $12.63.

      **12.2.1.5** For Arturo Avila: $2.44.

      **12.2.1.6** For Pedro Morales: $14.87.

      **12.2.1.7** For Salvador Quintana: $9.21.

      **12.2.1.8** For Ignacio Blancas: $12.63.

      **12.2.1.9** For Arturo Ortiz: $2.44.

**12.2.2.** The number of Calendar Days of Employment during the limitations period ("N") for each Class Member and Named Plaintiff was calculated based upon the individual's hire date and termination date provided by Defendants, and is reflected in Exhibit A.

**12.2.3.** Each Named Plaintiff and Class Member's Maximum Potential Award (M) will therefore be calculated as R*N. If that amount is less than $200, M for the payee will be $200.

**12.2.4.** If the total of the Maximum Potential Awards (M) for all Named Plaintiffs and all Class Members who satisfy the conditions set forth in Section 12.1 ("T") exceeds the Class Settlement Amount ("C"), the distribution to each Class Member and Named Plaintiff ("D") will be reduced on a *pro rata* basis, according to the following calculation:

**12.2.4.1** $(M/T) * C = P$

**12.2.4.2** A supplement ("S") to P will be calculated as follows: If $P \geq \$200$, $S = 0$; if $P < \$200$, $S = \$200 - P$.

**12.2.4.3** Q = the total of P for all payees for whom $S = 0$.

**12.2.4.4** H = the total of S for all payees.

**12.2.4.5** $E = P / Q$

**12.2.4.6** A pro-rata reduction to P ("L") for each payee will be calculated as follows: If $S > 0$, $L = 0$. If $S = 0$, $L = E * H$.

**12.2.4.7** The final distribution for each payee ("D") $= P + S - L$.

**12.2.5.** The formulas described above are embedded into the Microsoft Excel file from which the printed table attached as Exhibit A was generated. In the event of any discrepancy between the description above and the formulas in the Excel file, the latter shall control, *provided however* that if any errors are subsequently discovered in the Excel file that materially affect the rights of any party under this Agreement, the Parties agree to work in good faith to correct the errors and calculate the distributions to all payees according to the Parties' settlement.

**12.2.6.** Under the above formula, if all Class Members satisfy the conditions of Section 12.1, each Class Member and Named Plaintiff would receive a payment of at least $200, up to a maximum of $10,131.48.

**12.2.7.** The minimum payment to each Class Member and Named Plaintiff is set forth in Exhibit A.

**12.3.** Determination of Claims.

Within fourteen days after the receipt of the claims forms as provided in Section 9.2, counsel for the Parties will jointly prepare a list of all Class Members who have satisfied the conditions specified in Section 12.1 and calculate the amount of the distribution to each Class Member and Named Plaintiff as provided in Section 12.2 above using the Microsoft Excel file from which Exhibit A was generated.

**12.4.** Distribution of Payments to the Payees

Checks in the amount calculated in accordance with Section 12.2 above will be mailed to each Class Member by CSR via certified mail within fifteen (15) business days after entry of the Final Order granting approval of this Settlement Agreement. Checks for each of the Named Plaintiffs will be tendered to Plaintiffs' counsel for distribution to the Named Plaintiffs as provided in Section 13 below.

**12.4.1.** Promptly following the mailing of the settlement payments, Defendants' Counsel shall provide Plaintiffs' Counsel with (i) copies of all checks mailed to the Payees, (ii) the date(s) of such mailing, and (iii) a ledger listing the certified mail tracking numbers associated with this mailing.

**12.4.2.** Payees will have ninety (90) days from the date of issuance to cash their Settlement Award checks. Ninety (90) days after sending the Settlement Award checks, a stop payment order will be issued. Any settlement check returned to Defendants and not otherwise claimed by a Payee within ninety (90) days of the mailing date in Section

13.2.2 will be voided, and amounts payable pursuant to such check shall become part of the Remainder Amount.

**12.4.3.** Within ten business days after expiration of the deadlines set forth in Section 12.4.2, Defendants' counsel will provide Plaintiffs' counsel a list identifying by Payee and check number any check returned to CSR as undeliverable or unclaimed, or for which a stop payment order was issued.

**12.4.4.** CSR will provide copies of all checks cashed by Class Members within ten business days after the expiration of the deadline set forth in Section 12.4.2.

**12.4.5.** For any Class Members whose checks are not cashed within 90 days of issuance or returned as undeliverable, no further settlement payments will be sent to that Class Member, unless a corrected address is provided by Plaintiffs' Counsel at least 14 days prior to the expiration of the deadlines set forth in Section 12.4.2.

## 13. NAMED PLAINTIFFS' PAYMENTS

**13.1.** Each named Plaintiff shall receive a proportional share of the Class Settlement Amount as payment for owed wages as set forth in Section 12. Each Named Plaintiff will also receive an enhancement award in recognition of their service to the Class. Named Plaintiffs were substantially involved in the informal discovery process and met with Counsel multiple times to provide essential information and interpret time and pay records provided by Defendants. Plaintiffs Ignacio Blancas Arturo Avila, Pedro Morales and Arturo Ortiz also attended a private Mediation to resolve this matter on April 24, 2013. Finally, each Plaintiff will receive an additional payment amount in consideration for executing a general release of all claims they have against Defendants including claims for alleged retaliation and alleged interference with Plaintiffs' ability to contract with future employers. Plaintiffs' payment

amounts above their proportional share of the Class Settlement Amount are set forth in Chart 1, below.

Chart 1.

| Plaintiffs | Enhancement | General Release |
|---|---|---|
| Arturo Avila | $2,000.00 | $5,200.00 |
| Pedro Morales | $2,000.00 | $11,500.00 |
| Salvador Quintana | $1,200.00 | $7,500.00 |
| Igancio Blancas | $2,000.00 | $7,500.00 |
| Arturo Ortiz | $2,000.00 | $5,200.00 |

**13.2.** Fifty percent (50%) of each payment made to Named Plaintiffs, with the exception of the enhancement award payment shall be treated as settlement of a wage claim. Appropriate withholding of federal, state, and local income taxes, and the Named Plaintiff's share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the respective Settlement Payments, and CSR shall issue an IRS form W-2 for such payments. CSR will be responsible for paying from its own funds Federal Unemployment Tax Act and the employer's share of FICA taxes on all applicable amounts paid to the Named Plaintiffs. The remaining 50% of each payment made to each Named Plaintiff shall be treated as settlement of the Named Plaintiff's claim for liquidated and/or penalty damages pursuant to the FLSA and/or the state statutes providing for liquidated and/or penalty damages, as well as for alleged retaliation, and shall be made without withholdings. CSR will report such payments as well as the enhancement awards, on IRS Forms 1099. CSR shall use tax documents on file for each Named Plaintiff wherever practicable to make such withholdings.

**13.3.** Within 15 business days after Final Approval by the Court, receipt of General Releases executed by all of the Named Plaintiffs, CSR will cause payments to be issued to each

of the named Plaintiffs as provided in this Section 11, care of Plaintiffs' Counsel, Workers' Law Office, PC at 401 S. LaSalle St., Suite 1400, Chicago, Illinois 60605.

## 14. ATTORNEYS' FEES AND COSTS

**14.1.** CSR will pay Plaintiffs' Counsel Ninety Thousand and 00/100 Dollars ($90,000.00), as compensation for all attorneys' fees and costs incurred in connection with this case, this Settlement, and any appeal, including but not limited to: (i) obtaining Preliminary Approval from the Court; (ii) administering the settlement and responding to inquiries from Class Members regarding the Settlement; (iii) assisting Class Members; (iv) assisting in resolving any objections; (v) defending the Settlement and securing the Final Order, including the conduct of any appellate action**.** This payment will be made from the Settlement Amount of $300,000.00.

**14.2.** Within 15 business days after Final Approval by the Court of the attorneys' fees and costs pursuant to this Section, CSR will issue a check, payable to Workers' Law Office, PC Workers' Law Office, PC at 401 S. LaSalle St., Suite 1400, Chicago, Illinois 60605. As a condition precedent to receipt of this payment, Workers' Law Office, PC will provide CSR with a completed IRS Form W-9. CSR will issue Workers' Law Office, PC an IRS Form 1099 for the payment provided under Section 12.1.

## 15. TAXATION

**15.1.** Fifty percent (50%) of each payment made to each Class Member shall be treated as settlement of a wage claim, with appropriate withholding of federal, state, and local income taxes, and the Class Members' share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the respective Settlement Payments, and Defendants shall issue an IRS form W-2 for such payments. Defendants will be responsible for paying from its own funds Federal

Unemployment Tax Act and the employer's share of FICA taxes on all applicable amounts paid to Class Members. The remaining 50% of each payment made to a Class Member shall be treated as settlement of the Class Member's claim for liquidated and/or penalty damages pursuant to the FLSA and/or the state statutes providing for liquidated and/or penalty damages and shall be made without withholdings and Defendants shall issue an IRS form 1099 for such payments.

**15.2.** Payments to Named Plaintiffs shall be apportioned as specified in Section 13.2 of this Agreement.

**15.3.** For all payments to each named Plaintiff and to Class Members, IRS Form W-2s and IRS Form 1099s will be distributed at times and in the manner required by the Internal Revenue Code of 1986 (the "Code") and consistent with this Agreement.

**15.4.** If the Code, the regulations promulgated thereunder, or other applicable tax law change after the date of this Agreement, the processes set forth in this section may be modified with the approval of the Court in a manner to bring CSR into compliance with any such changes.

**15.5.** With respect to the Named Plaintiffs' Payments, the recipients represent that they understand that it is their obligation to pay appropriate federal, state, and local income taxes, interest, penalties, or other amounts due on such payments.

**16.    DISTRIBUTION OF ANY REMAINDER**

**16.1.** Thirty (30) calendar days delivery of the information described in Section 12.4.3 to Plaintiffs' Counsel, half (50%) of any Remainder Amount shall be designated as *cy pres* approved by the Court and distributed to the Agency. The remaining 50% of the Remainder Amount will revert to CSR.

## 17.    LIMITATIONS ON THE USE OF THIS SETTLEMENT

**17.1.** Defendants deny that it engaged in any illegal or improper conduct. This Stipulation of Settlement, including all exhibits and related documents, does not constitute, is not intended to constitute, and will not be deemed to constitute an admission by Defendants as to the merits of any of the allegations or claims made in the Litigation. Rather, Defendants deny all of the allegations in the Litigation and denies any and all liability of any kind to anyone with respect to the alleged facts and causes of action asserted in the Litigation.

**17.2.** Nothing in this Settlement, including any action taken in implementation thereof, any statements, discussions or communications, and any materials prepared, exchanged, issued or used during the course of the negotiations leading to the Settlement, is intended to be introduced, used or deemed admissible in any way in the Litigation or any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Settlement may be used in any proceeding that has as its purpose the interpretation, implementation, or enforcement of the Settlement, or any orders, rulings or judgments of the Court entered in connection therewith.

**17.3.** If this Stipulation of Settlement shall not enter force, because the Court does not issue the Final Order, or the Final Order is reversed or substantially modified, or for any other reason, then this Agreement shall be considered null and void. In that event, neither this Stipulation of Settlement nor any of the related negotiations or proceedings shall be of any force or effect, and all Parties shall stand in the same position, without prejudice, as if the Settlement

had been neither executed nor filed with the Court, and neither the Settlement Class nor Class Counsel shall receive any benefit, nor suffer any detriment, as a result.

**17.4.** Invalidation of any material portion of this Stipulation of Settlement shall invalidate this Stipulation of Settlement in its entirety unless the Parties shall agree in writing that the remaining provisions shall remain in full force and effect.

## 18.   MISCELLANEOUS PROVISIONS

**18.1.**  Stay of Litigation

Consistent with this Agreement between Named Plaintiffs and Defendants, the Parties agree to the stay of all discovery in the Litigation, pending the issuance of the Final Order.

**18.2.**  No Interference

Defendants and Defendants' Counsel agree to take no action of any kind to interfere with any Class Member's decision whether or not to participate in this Settlement, or to otherwise obtain or secure benefits under this Agreement.

**18.3.**  No Retaliation

Defendants shall not retaliate against the Named Plaintiffs, all persons claiming under the settlement, or all persons availing themselves of the dispute resolution process.

**18.4.**  Employment References

Defendants agree that they shall respond to any inquiries from prospective employers regarding any of the Named Plaintiffs with information exclusively limited to their dates of employment, their last position held, and their duties.

**18.5.**  Successors and Assigns

This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties and their successors and assigns and applies to the sale or other transfer of the business and

ownership of Defendants, including the sale of assets, in whole or in part, and regardless of whether the sale involves the continuation of a substantial number of the workers of CSR Defendant to operate such sold or transferred business or assets.

**18.6.** Interpretation of the Agreement

The Agreement will be interpreted and enforced under the laws of the State of Illinois, without regard to its conflict of laws provisions, except where federal law applies. Any claim regarding the enforcement of the Agreement will be resolved solely and exclusively in the U.S. District Court for the Northern District of Illinois.

**18.7.** Final Agreement

The terms and conditions of this Agreement constitute the exclusive and final understanding and expression of all agreements between Plaintiffs and Defendants with respect to the resolution of the Litigation. The Named Plaintiffs, on their own behalf and on behalf of the class they represent, and Defendants accept entry of this Agreement based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Agreement.

**18.8.** Good Faith Cooperation

Named Plaintiffs and Defendants recognize that during the process of implementing the terms of this Agreement, issues not contemplated by the parties may arise. In that event, Named Plaintiffs and Defendants agree to exercise good faith in attempting to resolve such issues.

**18.9.** Counterparts

This Agreement may be executed in one or more actual or facsimile counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

**18.10.** Authority

Each individual signing below warrants that she or he has the authority to execute this Agreement on behalf of the party for whom or which that individual signs. The failure of any one party to sign this Agreement will not affect the enforceability of this Agreement.

**For Plaintiffs:**                                    **For CSR Defenants:**


_____          _____
CHRISTOPHER J. WILLIAMS                   WILLIAM POKORNY
Workers' Law Office, PC                   Franczek Radelet P.C.
401 S. LaSalle, Suite 1400                300 South Wacker Drive, Suite 3400
Chicago, Il 60606                         Chicago, Illinois 60606
(312) 795-9121                            (312) 986-0300

Attorney for Plaintiffs                   Attorney for Defendants

**<u>EXHIBIT A</u>**

**[List of Class Members]**

**Blancas et al. v. Cairo Sons Roofing, Inc. et al.**
**Case No. 12-cv-2636**

**EXHIBIT A TO STIPULATION OF SETTLEMENT**
*(Subject to Final Court Approval)*

| Claim ID No. | First Name | Middle Initial | Last Name | Employment Status | Termination Date (if applicable) | Hire Date | Classification | Estimated Minimum Distribution |
|---|---|---|---|---|---|---|---|---|
| 01 | | | | Terminated | 6/26/2011 | | Named Plaintiff | $1,103.47 |
| 02 | | | | Terminated | 8/19/2011 | | Named Plaintiff | $7,174.85 |
| 03 | | | | Terminated | 8/9/2011 | | Named Plaintiff | $4,392.26 |
| 04 | | | | Terminated | 3/4/2010 | | Named Plaintiff | $2,321.54 |
| 05 | | | | Terminated | 7/5/2011 | | Named Plaintiff | $1,047.41 |
| 06 | | | | Terminated | 7/31/2009 | 6/12/2009 | Installation | $200.00 |
| 07 | | | | Terminated | 11/23/2009 | 7/2/2009 | Installation | $200.00 |
| 08 | | | | Terminated | 10/19/2009 | 10/19/2009 | Installation | $1,412.50 |
| 09 | | | | Active | | 6/12/2009 | Installation | $200.00 |
| 10 | | | | Active | | 9/25/2006 | Installation | $1,498.65 |
| 11 | | | | Active | | 4/9/2004 | Installation | $200.00 |
| 12 | | | | Terminated | 12/11/2009 | 10/5/2009 | Installation | $200.00 |
| 13 | | | | Terminated | 9/5/2009 | 8/30/2009 | Installation | $200.00 |
| 14 | | | | Terminated | 11/18/2011 | 10/31/2011 | Installation | $371.93 |
| 15 | | | | Active | | 7/2/2009 | Installation | $1,498.65 |
| 16 | | | | Active | | 8/12/2008 | Installation | $200.00 |
| 17 | | | | Terminated | 11/4/2011 | 6/28/2011 | Installation | $1,498.65 |
| 18 | | | | Active | | 5/8/2006 | Installation | $200.00 |
| 19 | | | | Active | | 5/8/2008 | Installation | $1,498.65 |
| 20 | | | | Terminated | 7/9/2009 | 6/30/2009 | Installation | $200.00 |
| 21 | | | | Terminated | 9/9/2009 | 8/31/2009 | Installation | $200.00 |
| 22 | | | | Active | | 6/29/2011 | Installation | $391.07 |
| 23 | | | | Terminated | 11/4/2009 | 10/27/2009 | Installation | $200.00 |
| 24 | | | | Terminated | 12/16/2011 | 7/20/2009 | Installation | $206.47 |
| 25 | | | | Active | | 12/18/2009 | Installation | $200.00 |
| 26 | | | | Terminated | 12/5/2009 | 10/7/2009 | Installation | $1,498.65 |
| 27 | | | | Terminated | 12/11/2009 | 7/20/2009 | Installation | $1,201.93 |
| 28 | | | | Terminated | 5/21/2009 | 4/18/2005 | Installation | $200.00 |
| 29 | | | | Terminated | 11/20/2009 | 10/19/2009 | Installation | $200.00 |
| 30 | | | | Inactive | 9/29/2011 | 5/19/2009 | Installation | $1,233.38 |

*Blancas et al. v. Cairo Sons Roofing, Inc., et al.*
**Case No. 12-cv-2636**

**EXHIBIT A TO STIPULATION OF SETTLEMENT**
*(Subject to Final Court Approval)*

| Claim ID No. | First Name | Middle Initial | Last Name | Employment Status | Termination Date (if applicable) | Hire Date | Classification | Estimated Minimum Distribution |
|---|---|---|---|---|---|---|---|---|
| 31 | | | | Terminated | 7/25/2011 | 7/6/2011 | Installation | $200.00 |
| 32 | | | | Terminated | 12/19/2009 | 9/9/2009 | Installation | $200.00 |
| 33 | | | | Terminated | 5/29/2009 | 10/22/2008 | Installation | $200.00 |
| 34 | | | | Active | | 4/24/2006 | Installation | $200.00 |
| 35 | | | | Terminated | 7/6/2009 | 6/23/2009 | Installation | $1,498.65 |
| 36 | | | | Terminated | 11/20/2009 | 10/27/2009 | Installation | $200.00 |
| 37 | | | | Terminated | 8/4/2011 | 7/14/2011 | Installation | $200.00 |
| 38 | | | | Active | | 8/12/2010 | Installation | $830.00 |
| 39 | | | | Terminated | 12/19/2009 | 9/29/2009 | Installation | $200.00 |
| 40 | | | | Terminated | 9/17/2010 | 8/23/2010 | Installation | $200.00 |
| 41 | | | | Terminated | 7/24/2009 | 6/23/2009 | Installation | $200.00 |
| 42 | | | | Terminated | 7/18/2011 | 6/17/2011 | Installation | $200.00 |
| 43 | | | | Terminated | 7/20/2010 | 8/1/2006 | Installation | $200.00 |
| 44 | | | | Terminated | 10/11/2011 | 7/6/2011 | Installation | $637.20 |
| 45 | | | | Terminated | 11/11/2011 | 10/11/2011 | Installation | $200.00 |
| 46 | | | | Terminated | 4/9/2010 | 8/25/2009 | Installation | $310.39 |
| 47 | | | | Terminated | 12/22/2009 | 5/11/2009 | Installation | $200.00 |
| 48 | | | | Terminated | 6/5/2009 | 6/3/2009 | Installation | $280.31 |
| 49 | | | | Terminated | 9/12/2011 | 7/6/2011 | Installation | $200.00 |
| 50 | | | | Active | | 7/5/2011 | Installation | $407.48 |
| 51 | | | | Terminated | 7/15/2011 | 6/17/2011 | Installation | $200.00 |
| 52 | | | | Terminated | 4/20/2012 | 9/30/2009 | Installation | $1,275.76 |
| 53 | | | | Terminated | 4/29/2011 | 9/30/2011 | Installation | $787.61 |
| 54 | | | | Terminated | 11/9/2009 | 10/27/2009 | Installation | $200.00 |
| 55 | | | | Terminated | 11/30/2011 | 10/27/2011 | Installation | $201.00 |
| 56 | | | | Terminated | 7/7/2011 | 7/6/2011 | Installation | $200.00 |
| 57 | | | | Terminated | 9/4/2009 | 8/25/2009 | Installation | $200.00 |
| 58 | | | | Terminated | 11/15/2010 | 8/12/2010 | Installation | $200.00 |
| 59 | | | | Terminated | 11/24/2009 | 6/17/2008 | Installation | $311.76 |
| 60 | | | | Terminated | 12/16/2009 | 4/24/2006 | Installation/Service | $864.42 |

**Blancas et al. v. Cairo Sons Roofing, Inc. et al.**
**Case No. 12-cv-2636**

**EXHIBIT A TO STIPULATION OF SETTLEMENT**
*(Subject to Final Court Approval)*

| Claim ID No. | First Name | Middle Initial | Last Name | Employment Status | Termination Date (If applicable) | Hire Date | Classification | Estimated Minimum Distribution |
|---|---|---|---|---|---|---|---|---|
| 61 | | | | Active | | 6/19/1998 | Installation/Service | $3,789.61 |
| 62 | | | | Active | | 10/10/2007 | Installation/Service | $3,789.61 |
| 63 | | | | Active | | 9/15/2008 | Installation/Service | $3,789.61 |
| 64 | | | | Active | | 4/24/2001 | Installation/Service | $3,789.61 |
| 65 | | | | Terminated | 8/3/2011 | 6/24/2011 | Installation/Service | $200.00 |
| 66 | | | | Active | | 2/12/2000 | Installation/Service | $3,789.61 |
| 67 | | | | Active | | 6/29/2011 | Installation/Service | $988.89 |
| 68 | | | | Active | | 8/17/1995 | Installation/Service | $3,789.61 |
| 69 | | | | Active | | 10/12/2009 | Installation/Service | $3,149.94 |
| 70 | | | | Active | | 6/23/1997 | Installation/Service | $3,789.61 |
| 71 | | | | Active | | 7/1/1996 | Installation/Service | $3,789.61 |
| 72 | | | | Active | | 5/11/2009 | Installation/Service | $3,682.42 |
| 73 | | | | Active | | 7/8/1996 | Installation/Service | $3,789.61 |
| 74 | | | | Active | | 6/23/2009 | Installation/Service | $3,533.74 |
| 75 | | | | Active | | 5/8/2006 | Installation/Service | $3,789.61 |
| 76 | | | | Active | | 6/11/2007 | Installation/Service | $3,789.61 |
| 77 | | | | Active | | 5/15/2003 | Service | $9,133.15 |
| 78 | | | | Active | | 5/23/2011 | Service | $2,691.61 |
| 79 | | | | Active | | 4/24/2000 | Service | $9,133.15 |
| 80 | | | | Active | | 9/26/2005 | Service (Driver) | $7,757.34 |
| 81 | | | | Active | | 6/27/1996 | Service (Driver) | $7,757.34 |
| 82 | | | | Active | | 5/3/2003 | Service (Driver) | $7,757.34 |
| 83 | | | | Terminated | 2/2/2012 | 10/17/2006 | Service (Driver) | $7,276.05 |
| | | | | | | | | **$148,400.00** |

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION
### *Blancas, et al. v. Cairo and Sons Roofing Co. Inc., et al., Case No. 12 C 2636*

## CLAIM AND RELEASE FORM

If your name, address, or dates of employment are different from those shown below, print the corrections on the lines to the right.

Changes (if any):

<<NAME>>                            _____

<<ADDRESS>>                         _____

<<CITY>>,<<ST>><<ZIP>>              _____

Please provide your day and evening telephone numbers:

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___          ( ___ ___ ___) ___ ___ ___ - ___ ___ ___ ___
 Area Code   Daytime Telephone Number                    Area Code   Evening Telephone Number

**YOU MUST COMPLETE THIS FORM IN ORDER TO BE ELIGIBLE FOR A MONETARY RECOVERY.**
**INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED.**

I. INSTRUCTIONS:

    1.  **You must <u>sign</u> and <u>mail</u> this Claim Form in order to be eligible for a monetary recovery. Your Claim Form must be postmarked on or before (FILING DEADLINE), or it will be rejected.**

    2.  If you move, please send Class Counsel your new address. It is your responsibility to keep a current address on file with Class Counsel.

II. TO QUALIFY FOR YOUR SHARE OF THE SETTLEMENT AMOUNT, YOU MUST AGREE TO THE FOLLOWING CONDITIONS BY SIGNING AND DATING SECTION III.

I consent and agree to join the above referenced lawsuit for owed wages, including owed overtime and/or uncompensated time for work performed as an employee of Cairo & Sons Roofing Co., Inc. ("CSR"). I agree to be bound by the collective and class action settlement in the above-referenced case. My signature constitutes a full and complete release by me on behalf of myself and my heirs, legatees, personal representatives and assigns, of CSR and all of its parents, divisions, subsidiaries, partnerships, affiliates, and benefit plans and all of their past, present, and future trustees, fiduciaries, owners, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers and attorneys, and Mario Cairo and all of his successors, heirs, and assigns, for all claims, known or unknown, of nonpayment and/or underpayment of wages, including minimum and overtime wages, all uncompensated work time and prevailing wages, including but not limited to all claims arising under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.,* the Illinois Minimum Wage Law 820 ILCS 105/1, *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and Illinois Prevailing Wage Act 820 ILCS 130/1 *et seq* arising on or before [DATE OF PRELIMINARY APPROVAL].

___ ___ ___ — ___ ___ — ___ ___ ___ ___          _____
Taxpayer Identification Number or Social Security Number          Former Names (if any)

III.  <u>CLAIMANT SIGNATURE</u>:

I declare under penalty of perjury under the laws of the State of Illinois and the United States that the foregoing is true and correct and that I understand and agree to be bound by the terms of the above waiver and release. I hereby waive my right to object and/or opt out of the settlement class.

x_____          Date Signed: _____
    (Sign your name here)

---

**Note**: *YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR ELIGIBILITY FOR A MONETARY RECOVERY.*

## EXHIBIT C [Abridged Notice]

## NOTICE OF CLASS ACTION SETTLEMENT

**UNITED STATES DISTRICT COURT**          ***Blancas et al. v. Cairo & Sons Roofing, Co. Inc., et al.***
**NORTHERN DISTRICT OF ILLINOIS**          *c/o Workers' Law Office P.C.,*
**EASTERN DIVISION**
**CASE NO. 11 C 2162**

**WHY YOU ARE RECEIVING THIS NOTICE**

Records reflect that you were employed by Cairo and Sons Roofing Co. Inc., between Approximately April 10, 2009 and April 10, 2012 as a roofer, and that you may not have been paid for all time worked including travel time and loading and unloading time possibly resulting in a violation the overtime requirements of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq., and* the Illinois Minimum Wage Law 820 ILCS 105/1, *et seq.*, as well as the requirements of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* Accordingly, you may be eligible to participate in the Settlement of this lawsuit by completing the attached Claim Form, with any supporting documentation, and timely mailing it to Class Counsel.

**To receive your share of the Settlement Fund, you <u>must</u> mail the attached Claim and Release Form not later than [FILING DEADLINE]. The Claim and Release must be signed and returned, without alteration or amendment.**

PLEASE NOTE: This is only a summary of the settlement terms. A Complete Notice is available that provides the details of this lawsuit and settlement. To obtain a copy of the Complete Notice, contact the Class Counsel at (312) 795-9120.

*Una copia dela Notificación está disponible en Español por llamar a (312) 795-9120.*

**The minimum payment you will receive if you accept this settlement is $XXX.XX.** Your actual payment may be higher than the estimate, depending upon the number of individuals who file timely claims.

**You may also exclude yourself from the Settlement or object to the terms of the Settlement.** Information on excluding yourself from the Settlement or objecting to the terms of the Settlement and directions on how to do so are provided in the Complete Notice. PLEASE REVIEW THE COMPLETE NOTICE PRIOR TO EXCLUDING YOURSELF FROM THE SETTLEMENT OR OBJECTING TO THE TERMS OF THE SETTLEMENT.

**FILE THE ATTACHED CLAIM FORM WITH A POSTMARK NO LATER THAN [FILING DEADLINE].**

**[Insert Exhibit B Claim Form Here For Self-Addressed, Postage Paid Mailer To Class Members]**

**EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IGNACIO BLANCAS, PEDRO MORALES, SALVADOR  QUINTANA, ARTURO AVILA, and ARTURO ORTIZ, on behalf of themselves and other similarly situated persons, | |
| Plaintiffs, | |
| v. | Case No. 12 C 2636 |
| CAIRO & SONS ROOFING CO, INC., and MARIO CAIRO | Judge Durkin |
| Defendants. | |

**NOTICE OF PENDENCY OF CLASS ACTION AND COLLECTIVE ACTION,
PROPOSED SETTLEMENTAND FAIRNESS HEARING**

**TO:**   All individuals who were employed by Defendants between April 10, 2009 and April 10, 2012 in any hourly position, excluding office positions, but who were allegedly not paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks and/or who were allegedly not compensated for all time worked in individual work weeks.

> **Please Read This Notice Carefully. This Notice Relates to a Proposed Class Action Settlement of Litigation. If You Are a Class Member, It Contains Important Information as to Your Rights.**

> **IF YOU WISH TO RECEIVE A PORTION OF THE CLASS SETTLEMENT PROCEEDS DESCRIBED BELOW, YOU MUST COMPLETE AND RETURN THE CLAIM FORM TO THE CLASS COUNSELBY [FILING DEADLINE].**

**What is this Notice about?**

This Notice is to tell you about the Settlement of a "class action" and "collective action" lawsuit that was filed against Cairo & Sons Roofing, Co. Inc, and Mario Cairo (hereafter "Defendants") and to tell you about a "Fairness Hearing" before Judge Thomas Durkin on

==, 2013== at _____ __.m. in Courtroom 1725 of the United States District Courthouse, located at 219 South Dearborn Avenue, Chicago, Illinois 60604, to determine whether the proposed settlement described in the Stipulation of Settlement (the "Settlement") fairly resolves the claims against Defendant Defendants as explained below.

This Notice **is not** a notice of a lawsuit <u>against</u> you.  A Federal Court has authorized this Notice.

## What is the Litigation about?

On April 10, 2012, a class action lawsuit was filed in the U.S. District Court for the Northern District of Illinois. The case is currently titled *Blancas, et al. v. CSR Roofing et al., Case No. 12 C 2636.* Plaintiffs allege that they and similarly situated employees of Defendants were not compensated for all time worked including all time worked in excess of forty (40) hours per week.  Counts I and II of the First Amended Complaint allege a failure to pay overtime wages to Plaintiffs and other similarly situated employees in violation of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.,* ("FLSA"), and the Illinois Minimum Wage Law 820 ILCS 105/1, *et seq* ("IMWL"). Counts III alleges a failure to pay Plaintiffs for all time worked at the rate agreed to by the parties in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, ("IWPCA"). Defendants wish to settle this lawsuit to avoid costly and time-consuming litigation but Defendants do not admit to any wrongdoing or liability.

## Why did I get this Notice?

You received this Notice because the lawyers for the Plaintiffs and Defendants identified you as a person in the Class, defined as:

> All individuals who were employed by Defendants between April 10, 2009 and April 10, 2012 in any hourly position, excluding office positions, but who were allegedly not paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks and/or who were allegedly not compensated for all time worked in individual work weeks.

If you received this Notice, you are eligible to participate in the Settlement and may be eligible for compensation as described below.

## What is the "Settlement" and how was it agreed upon?

The Settlement is a compromise of Plaintiffs' claims in the Litigation and is not to be construed as an admission of liability on the part of Defendants. The Court has granted preliminary approval of the Settlement, and the Named Plaintiffs and Defendants (collectively, "the Parties") are now seeking final Court approval, which is required for the Settlement to become effective. The Settlement includes a procedure for eligible persons to receive their share of the Class Settlement Amount. Plaintiffs believe that the claims asserted in the Litigation have merit. Defendants do not believe that the claims asserted in the Litigation have merit. There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual allegations made against Defendants in this Litigation.

Substantial amounts of time, energy, and other resources have been devoted by the Parties in prosecuting and in defending the Litigation. Unless there is a settlement, that Litigation will continue. In settlement negotiations, the Parties have taken into account the uncertainty of the outcome and the risk of litigation. In light of these factors, the Parties believe that the Settlement is the best way to resolve the Litigation while minimizing further expenditures.

The Parties and their attorneys believe that the Settlement is fair, reasonable, and adequate, and in the best interests of all Parties, including the Settlement Class.

**What are the terms of the Settlement?**

Defendants have agreed to pay a Settlement Amount of $300,000.00 to resolve all claims in this Lawsuit as described in the Stipulation of Settlement. Each class member shall be allocated a proportionate share of the Settlement Amount after the Settlement Fund has been reduced by: (1) $46,100 for court-approved payments to the Named Plaintiffs for service awards and as consideration for executing full releases of all claims as to Defendants, and (2) $90,000 as payment for court approved attorneys' fees and reasonable costs, including the costs of administering the settlement up through final approval of the Settlement. The Settlement Amount as reduced by the foregoing amounts is referred to in this Notice as the "Class Settlement Amount." Every Class Member, including Plaintiffs, who timely files a claims form will be allocated a *pro rata* share of the Class Settlement Amount.

The combined total of any unclaimed Settlement Fund amounts and the amounts of the settlement checks that Settlement Class Members fail to cash or negotiate within 90 days of mailing, if any, shall be distributed and allocated with fifty percent (50%) to Defendants and (50%) as a *cy pres* award to Working Hands Legal Clinic, a nonprofit organization whose mission is to provide legal assistance in the area of employment law to low wage workers in the greater Chicago area.

**What am I entitled to recover under the Settlement?**

If the settlement is approved by the Court, the settlement funds will be distributed in proportion to the relative amount of damages that each class member may have recovered if Plaintiffs had continued, and ultimately prevailed in, the litigation.

Every Class Member, including Plaintiffs, will be allocated a *pro rata* share of the Class Settlement Amount, which was calculated as follows:

For settlement purposes only, Plaintiffs' Counsel used the extensive time and payroll records produced by Defendants for each of the Named Plaintiffs to calculate a Maximum Potential Award per Calendar Day of Employment during the Limitations Period ("R") for each Named Plaintiff and for each category of Class Member. This amount represents an estimate of the amount of wages and overtime pay that Plaintiffs contend is owed by Defendants to each Named Plaintiff and Class Member for uncompensated travel and loading / unloading time. R for each category of Class Member is as follows:

For Class Members identified by Defendants as Installation Crew members, $2.44.

For Class Members identified by Defendants as Service Crew members, $14.87.

For class members identified by Defendants as splitting time between Installation and Service Crew duties, $6.17.

For Class Members identified by Defendants as Service Crew Drivers, $12.63.

The number of Calendar Days of Employment during the limitations period ("N") for each Class Member and Named Plaintiff was calculated based upon the individual's hire date and termination date provided by Defendants.

Each Class Member's Maximum Potential Award (M) will therefore be calculated as R*N. If that amount is less than $200, M for the Class Member will be $200.

If the total of the Maximum Potential Awards (M) for all Class Members who satisfy the conditions for payment exceeds the Class Settlement Amount, the distribution to each class member will be reduced on a *pro rata* basis, *provided however* that all Class Members who submit timely claims will receive at least $200.

Under the above formula, the minimum payments to each class member who files a timely claim range from $200 to $10,131.48.

The Defendants will pay settlement distributions directly to eligible claimants. Fifty percent (50%) of your settlement share will be taxable, and the Defendants will make appropriate withholdings from your distribution. The remaining fifty-percent (50%) of your settlement share is allocated as interest, penalties and liquidated damages, not wages. No withholdings will be taken out of this amount.

**How do I receive a Settlement Award?**

To receive a part of the Class Settlement Amount, you must complete and sign the Claim Form without alteration or amendment and return it to the Class Counsel on or before [Filing Deadline]. *If you do not timely complete and return a signed and completed Claim Form, you will not receive a Monetary Settlement Award.*

**Am I required to participate in the Settlement?**

No, you may do nothing and you will remain a member of the class and bound by the Class Settlement but you will not receive a check.

You also have the right to exclude yourself from the lawsuit and "opt-out" of the Settlement if you comply with the opt-out procedure stated below. If you exclude yourself, you will not receive any monies from the settlement.

To effectively opt-out, you must file with the Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn, 20th Floor, Chicago, IL 60604, a written statement expressing your desire to be excluded from the Settlement in *Blancas et al v Cairo & Sons Roofing Co. Inc., et al* no later than [Filing Deadline]. **The "opt-out" statement must be postmarked no later than [Filing Deadline] to be effective.** The statement must include (1) your name, (2) current address and current telephone number, (2) your dates of employment and job titles with Defendants, and (3) specifically state your desire to be excluded from the settlement. **If you opt-out of the Settlement you will not recover any money as part of this Settlement.** You may, however, pursue other legal remedies apart from the Settlement that may be available to you. Neither the Parties nor their attorneys make any representations to you regarding what, if any, legal remedies are available to you should you choose to opt-out. **YOU SHOULD NOT OPT-OUT IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT.**

Persons who do not opt-out of the Settlement (whether or not such members submit claims) will release and discharge, on behalf of themselves and their heirs, legatees, personal representatives and assigns, Defendants CSR, Mario Cairo, and all of their respective parents, divisions, subsidiaries, partnerships, affiliates, and benefit plans and all of their past, present, and future trustees, fiduciaries, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers and attorneys, for all claims, known or unknown, of nonpayment and/or underpayment of wages, including minimum and overtime wages, all uncompensated work time and prevailing wages in violation of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law 820 ILCS 105/1, *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and Illinois Prevailing Wage Act 820 ILCS 130/1 *et seq.*, from April 10, 2010 through April 10, 2012.

You must mail copies of the "opt-out" statement to Class Counsel <u>and</u> to Defendants' Counsel at the addresses listed below.

|  |  |
|:---:|:---:|
| **Class Counsel** | **Defendants' Counsel** |
| Christopher J. Williams | William Pokorny |
| Alvar Ayala | Franczek Radelet P.C. |
| Workers' Law Office, PC | 300 South Wacker Drive, Suite 3400 |
| 401 S. LaSalle St., Suite 1400 | Chicago, Illinois 60606 |
| Chicago, IL 60605 | |

**What is the Fairness Hearing and do I need to attend?**

The purpose of the Fairness Hearing in this case is to determine whether the proposed Settlement of the Litigation is fair, reasonable, and adequate, and whether the proposed Settlement should be finally approved by the Court and the Litigation dismissed. **Any Class Member who is satisfied with the proposed Settlement does not have to appear at the Fairness Hearing.**

Any person who has not validly and timely opted-out of the Settlement but who objects to the proposed Settlement may appear in person or through counsel at the Fairness Hearing and be heard as to why the Settlement should not be approved as fair, reasonable, and adequate, or why a final judgment should or should not be entered dismissing the Litigation with prejudice. No attorneys' fees will be paid by Defendants to an objector's counsel for any work related to an objection to this Settlement. If you choose to object to the settlement, you must on or before [Filing Deadline], (1) file with the Clerk of the United States District Court for the Northern District of Illinois, and (2) serve upon Christopher Williams, Workers' Law Office, PC, 401 S. LaSalle St., Suite 1400, Chicago, Illinois 60605 (Class Counsel) and William Pokorny, Franczek Radelet P.C. 300 South Wacker Drive, Suite 3400, Chicago, Illinois 60606 (counsel for Defendants), a written objection including: (a) your full name, address, and, telephone number, (b) dates of your employment with Defendants and job title(s) while employed with Defendants and (c) a written statement with all grounds for the objection accompanied by any legal basis for your objection, (d) copies of papers, briefs, or other documents upon which the objection is based, (e) a list of all persons who will be called to testify in support of your objection, and (f) your signature, even if you are represented by counsel. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

If you file an objection and wish it to be considered, you must also appear at hearing on [INSERT DATE], at [INSERT TIME], at the federal courthouse at 219 South Dearborn Street in Chicago, Illinois, Courtroom 2214, at which time the presiding judge in this case (Hon. Judge Durkin) will consider whether to grant final approval of this settlement. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT. Please note that it is not sufficient to simply state that you object. You must state reasons why you believe the settlement should not be approved.

**When is the Court hearing to determine if the Settlement is fair?**

The Fairness Hearing will be held before the Honorable Judge Durkin on _____, 2013 at _____ .m. in Courtroom 1725 of the United States District Courthouse located at 219 South Dearborn Avenue, Chicago, Illinois 60604. The Fairness Hearing may be adjourned from time to time as the Court may direct, without further notification.

If you are a member of the Settlement Class, you will be bound by the proposed Settlement if it is approved, unless you opt-out by making a timely opt-out request as described above.

**What rights am I giving up if I participate in the Settlement?**

Persons who do not opt out of the Settlement will release and discharge, on behalf of themselves and their heirs, legatees, personal representatives and assigns, CSR and all of its parents, divisions, subsidiaries, partnerships, affiliates, and benefit plans and all of their past, present, and future trustees, fiduciaries, owners, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers and attorneys, and Mario Cairo and all of his successors, heirs, and assigns, for all claims, known or unknown, of nonpayment and/or underpayment of wages, including minimum and overtime wages, all uncompensated work time and prevailing wages, including but not limited to all claims arising under the the Fair Labor

Standards Act 29 U.S.C. § 201, et seq., the Illinois Minimum Wage Law 820 ILCS 105/1, et seq., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq., and Illinois Prevailing Wage Act 820 ILCS 130/1 et seq. arising on or before [DATE OF PRELIMINARY APPROVAL].

**How are the lawyers for the Settlement Class Paid?**

Subject to Court approval, Class Counsel will receive $90,000.00 of the Settlement Amount, for all past and future attorneys' fees and reasonable costs incurred or that will be incurred in this Litigation through final approval of the Settlement as set forth in the Stipulation of Settlement.

**What if the court does not approve the settlement?**

If the Court does not approve the settlement, the case will proceed as if no settlement has been attempted, and there can be no assurance that the class will recover more than is provided for in the Settlement, or indeed, anything.

**Can I review a copy of the Settlement or other papers that were filed with the Court?**

Yes, for a detailed statement of the matters involved in the Litigation and the proposed Settlement, you may review the pleadings and other papers filed in the Litigation, which may be inspected at the Office of the Clerk of the United States District Court, 219 S. Dearborn St., Chicago, Illinois, 60604, during regular business hours of each court day. In addition, you may also contact Class Counsel to review copies of the settlement papers filed with the Court. All inquiries by Class Members about the Settlement should be directed to Class Counsel, or Defendants' Counsel.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS SETTLEMENT.**

Dated: _____ BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION



**Note**: *YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR ELIGIBILITY FOR A MONETARY RECOVERY.*

**EXHIBIT E**

**NAMED PLAINTIFF'S GENERAL RELEASE**

_____, and his/her heirs, executors, administrators, successors, and assigns ("Named Plaintiff"), in connection with and as part of the settlement of the matter entitled *Ignacio Blancas, Pedro Morales, Salvador Quintana, Arturo Avila and Arturo Ortiz on behalf of themselves and all other persons similarly situated, known and unknown, v. Cairo & Sons Roofing Co. Inc., et al.* Case No. 12 C 2636, pending in the United States District Court for the Northern District of Illinois (the "Class Action"), agrees that:

1. <u>Consideration</u>. This General Release is provided in consideration for the payments to Named Plaintiff specified in the Settlement Agreement approved by the Court and executed by the Parties in connection with the Class Action.

2. <u>No Consideration Absent Execution of this General Release</u>. Named Plaintiff understands and agrees that Named Plaintiff would not receive the monies and/or benefits specified in paragraph 1 above, except for Named Plaintiff's execution of this General Release and the fulfillment of the promises contained herein.

3. <u>Revocation.</u> This Release and Waiver of Claims shall be revoked if the Settlement Agreement is not finally approved.

4. <u>General Release of All Claims</u>. Named Plaintiff, on behalf of himself/herself and his/her heirs, legatees, personal representatives and assigns, hereby releases and discharges the Released Parties (as such term is defined in the Settlement Agreement) from any actions, claims, charges, demands, liabilities, obligations, fees, debts, dues, interest, liquidated damages, penalties, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, judgments, or suits of any kind, whether known or unknown, which Named Plaintiff has, has had or may have arising from his/her employment with Defendants, regarding any acts or omissions that have occurred from the beginning of time through the Effective Date of the Settlement Agreement. Without limiting the generality of the foregoing, this release includes but is not limited to: (i) any claims or allegations asserting discriminatory termination, harassment, or retaliation; (ii) all claims under the FLSA, 29 U.S.C. § 201, *et seq.*, the IMWL, 820 ILCS 105/1, *et seq.,* the IWPCA, 820 ILCS 115/1, *et seq.,* Title VII, 42 U.S.C. §§ 2000e *et seq.*, Section 1981, the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.,* the Employee Retirement Income Security Act of 1973 as amended, 29 U.S.C. §§ 1001, *et seq.*, the National Labor Relations Act as amended, 29 U.S.C. §§ 151, *et seq.*, the Occupational Safety and Health Act of 1970 as amended, 29 U.S.C. §§ 651 *et seq.*, and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, *et seq.*; (iii) any other federal, state, county or local statute, ordinance, regulation or order concerning the rights of employees; and (iv) all employment-related claims under the common law of any state, whether in tort, contract or otherwise. This Release does not apply to claims that may arise against Released Parties after the date of execution of this agreement. This Release may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or

prosecuted with respect to any of the Released Claims. The Defendants affirmatively reserve all rights, claims and defenses which may be raised in any subsequent proceeding, including, but not limited to, *res judicata* and claim preclusion.

5. <u>Acknowledgments and Affirmations</u>. Named Plaintiff affirms that Named Plaintiff has not filed, caused to be filed, or presently is a party to any claim against Defendants except this Class Action.

6. <u>Governing Law and Interpretation</u>. This General Release shall be governed and conformed in accordance with the laws of the State of Illinois without regard to its conflict of laws provision. Should any provision of this General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision will be null and void, leaving the remainder of this General Release in full force and effect.

7. <u>Non-admission of Wrongdoing</u>. The Parties agree that neither this General Release nor the furnishing of the consideration for this General Release shall be deemed or construed at any time for any purpose as an admission by Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. <u>Amendment</u>. This General Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this General Release.

**NAMED PLAINTIFF IS ADVISED THAT NAMED PLAINTIFF HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS GENERAL RELEASE. NAMED PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO NAMED PLAINTIFF'S SIGNING OF THIS GENERAL RELEASE.**

**NAMED PLAINTIFF MAY REVOKE THIS GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY NAMED PLAINTIFF SIGNS THIS GENERAL RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO WILLIAM POKORNY AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF THE GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO WILLIAM POKORNY OR HIS DESIGNEE, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER NAMED PLAINTIFF SIGNS THIS GENERAL RELEASE.**

**NAMED PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS GENERAL RELEASE, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

The Parties knowingly and voluntarily sign this General Release as of the date(s) set forth below:

CAIRO & SONS ROOFING CO. INC.

_____  By:_____ _
  Named Plaintiff

            Its:_____

Date:_____  Date:_____

**EXHIBIT F**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IGNACIO BLANCAS, PEDRO MORALES, SALVADOR  QUINTANA, ARTURO AVILA, and ARTURO ORTIZ, on behalf of themselves and other similarly situated persons, | |
| Plaintiffs, | |
| v. | Case No. 12 C 2636 |
| CAIRO & SONS ROOFING CO, INC., and MARIO CAIRO | Judge Durkin |
| Defendants. | |

**ORDER PRELIMINARILY APPROVING STIPULATION OF SETTLEMENT AND APPROVING CLASS CERTIFICATION, FORM AND MANNER OF CLASS NOTICE AND SETTING A HEARING FOR FINAL APPROVAL OF SETTLEMENT**

Plaintiffs and Defendants Cairo & Sons Roofing Co. Inc., and Mario Cairo  (hereafter collectively referred to as "Defendants") (collectively, the "Parties"), having reached a settlement in this matter on a class-wide basis, the Court having reviewed the Stipulation of Settlement ("Settlement Agreement") and the record in this Litigation, including the Plaintiffs' Unopposed Motion for Preliminary Approval of the Parties' Stipulation of Settlement and for Approval of Class Certification, Form and Manner of Class Notice and Scheduling Hearing for Final Approval of Settlement,

IT IS HEREBY ORDERED AS FOLLOWS:

42

1.   The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein as being fair, reasonable, and adequate. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2.   The Court has jurisdiction over the subject matter of this lawsuit and the Parties, including the members of the Settlement Class, as defined below.

3.   The Court finds that the prerequisites to a class action under Rule 23 of the Federal Rules of Civil Procedure have been met. Furthermore, the Court finds that this matter has met the prerequisites for being certified as a collective action under the Fair Labor Standards Act ("FLSA"). The case is hereby certified, for purposes of settlement only, as a class action under Federal Rule of Civil Procedure 23(b)(3) and as a collective action under the FLSA. The Court hereby certifies the following class:

> All individuals who were employed by Defendants between April 10, 2009 and April 10, 2012 in any hourly position, excluding office positions, but who were allegedly not paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks and/or who were allegedly not compensated for all time worked in individual work weeks and who were identified as Class Members by Defendants.

4.   The Court appoints Plaintiffs Ignacio Blancas, Pedro Morales, Salvador Quintana Arturo Avila and Arturo Ortiz, as Class Representatives and Christopher J. Williams and Alvar Ayala as Class Counsel. The Court finds that the Class Representatives and Class Counsel have provided adequate representation to the Settlement Classes.

5.   The Court further approves of the Parties' proposed Notice of Class Action/Collective Action, Proposed Settlement and Hearing, and the manner in which notices will be given as provided in the Settlement Agreement.

6.      The following schedule shall govern the issuance of notice, final court approval and distribution of settlement funds:

    a.   Within 21 days after the date of this Order, Class Counsel shall mail notice of the proposed settlement and a claim form to Class Members;

    b.   If any of the notices to class members are returned as undeliverable within 30 days after the first mailing, Class Counsel will promptly conduct a second mailing as provided in Section 9.1.5 of the Settlement Agreement.

    c.   Class Members will have until 60 days after the deadline for the first mailing (81 days after the date of this Order) to return their claim forms or to opt out utilizing the procedure stated in the proposed class notice.

    d.   Within twenty-one (21) days of the Filing Deadline, the Parties will submit to the Court any necessary documents for the Court's consideration of Final Approval of the Settlement Agreement, including any Motions, final calculations of settlement payments to the Class Members, and responses to any objections and/or comments.

    e.   The Fairness Hearing is hereby scheduled to be held before the Court on _____, 2013 at _____ __.m. in Courtroom 2214.

7.      Pending final approval of the Settlement Agreement, the prosecution and defense of the case is hereby stayed; the Class Representatives, all members of the Settlement Classes, and each of them, and anyone who acts or purports to act on their behalf, shall not threaten, institute, commence or prosecute any action that seeks to assert claims against any Released Party related to the subject matter of this lawsuit.

8.      The Court reserves exclusive and continuing jurisdiction over this Litigation, the

Class Representatives, the Settlement Class, and the Released Parties for the purposes of: (1)

supervising the implementation, enforcement, construction, and interpretation of this Order and

the Settlement Agreement upon the entry of a Final Order by this Court granting final approval

of the Settlement Agreement and dismissing this Litigation with prejudice, or in the event of an

appeal of such Final Order, the final resolution of the appeal upholding the Final Order; (2)

supervising the distribution of the Settlement Fund; and (3) resolving any disputes or issues that

may arise in connection with this Litigation or the Settlement of this Litigation.

It is so ordered.


DATE: _____     _____

                                              Hon.  Thomas M. Durkin
                                              United States District Judge
                                              United States District Court for the
                                              Northern District of Illinois