IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IGNACIO BLANCAS, PEDRO MORALES, SALVADOR QUINTANA, ARTURO AVILA, and ARTURO ORTIZ, on behalf of themselves and other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>CAIRO & SONS ROOFING CO, INC., and MARIO CAIRO<br><br>Defendants. | Case No. 12 C 2636<br><br>Judge Durkin |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF THE STIPULATION OF SETTLEMENT BETWEEN
PLAINTIFFS AND DEFENDANTS CAIRO & SONS ROOFING CO, INC., AND MARIO
CAIRO**

Now come Plaintiffs Ignacio Blancas, Pedro Morales, Salvador Quintana, Arturo Avila, and Arturo Ortiz, on behalf of themselves and other similarly situated persons, (collectively "Plaintiffs"), and move this Court for Final Approval of the Stipulation of Settlement between Plaintiffs and Defendants Cairo & Sons Roofing Co, Inc., and Mario Cairo (the "Settlement"). In support of their Unopposed Motion for Final Approval, Plaintiffs state as follows:

1. On August 20, 2013, this Court granted Preliminary Approval to the Parties' Three Hundred Thousand and 00/100 Dollars ($300,000.00) settlement of Plaintiffs' individual claims for alleged unpaid wages on behalf of themselves and on behalf of a class of other similarly situated employees of Defendants Cairo & Sons Roofing Co, Inc., (hereafter "CSR") and Mario Cairo (collectively "Defendants") arising under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*

("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for alleged unpaid work performed "off the clock" including overtime wages and other earned wages resulting from the alleged non-payment of all time worked.

   2. Final approval is appropriate where the court determines that a settlement is fair, adequate, and reasonable. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2005). In determining whether a settlement is fair, adequate, and reasonable, courts in the Seventh Circuit consider a variety of factors including:

  a. the strength of plaintiffs' case, weighed against the settlement offer;

  b. the complexity, length, and expense of further litigation;

  c. the presence of collusion between the parties;

  d. the opinion of competent counsel;

  e. the reaction of class members to the proposal; and

  f. the stage of proceedings and discovery completed.

*In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000) (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)). As explained in detail in Plaintiffs' supporting memorandum of law, the Parties' Stipulation of Settlement meets these factors and should be approved.

   WHEREFORE, Plaintiffs respectfully request that the Court enter a Final Order approving the Parties' Stipulation of Settlement.

                Respectfully Submitted,

Dated: December 6, 2013

                s/Christopher J Williams
                Christopher J. Williams
                Alvar Ayala
                Workers' Law Office, PC
                401 S. La Salle, Suite 1400
                Chicago, Illinois 60605
                (312) 795-9121

                Attorneys for Plaintiffs