

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| IGNACIO BLANCAS, PEDRO MORALES, SALVADOR QUINTANA, ARTURO AVILA, and ARTURO ORTIZ, on behalf of themselves and other similarly situated persons,<br><br>            Plaintiffs,<br><br>     v.<br><br>CAIRO & SONS ROOFING CO, INC., and MARIO CAIRO<br><br>            Defendants. | Case No. 12 C 2636<br><br>Judge Durkin |

## ORDER OF FINAL APPROVAL OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANTS CAIRO & SONS ROOFING CO, INC., AND MARIO CAIRO

The Parties having appeared before the Court on December 12, 2013, for a Hearing on Final Approval in the above-captioned matter; the Court having reviewed the Plaintiffs' Unopposed Motion for Final Approval of the Stipulation of Settlement Between Plaintiffs and Defendants Cairo & Sons Roofing Co, Inc., and Mario Cairo. and other related materials submitted by the Parties, having heard the Parties' presentation at the Hearing on Final Approval; and otherwise being fully informed in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1.      This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d)(2), including all members of the Settlement Class, preliminarily certified for settlement purposes only, by Order dated August 20, 2013, ("Preliminary Approval Order(" Docket Entry 30), and defined as follows:

> All individuals who were employed by Defendants between April 10, 2009 and April 10, 2012 in any hourly position but who were allegedly not paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks

and/or who were allegedly not compensated for all time worked in individual work weeks.

2.      The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action only. The Court finally certifies the Settlement Class for purposes of settlement of this action only.

3.      The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class ("Class Members") via First Class Mail adequately informed the Class Members of the terms of the Settlement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement Class and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement. The Class Notice also adequately informed the Class Members of the telephone number for Class Counsel, Christopher J. Williams and Alvar Ayala of Workers Law Office, P.C. to inquire about additional information regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

4.      The Court hereby approves the proposed Stipulation of Settlement between Plaintiffs and Defendants filed August 14, 2013 (Docket Entry 26-1) and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of the Plaintiffs' case on the merits, weighed against Defendant's defenses, and the complexity, length, and expense of further litigation, support approval of the Settlement; the Settlement Amount of Three Hundred Thousand and 00/100 Dollars ($300,000.00) to resolve the individual claims of the Named Plaintiffs and to resolve the wage claims of the Named Plaintiffs

and the Class, One Hundred and Sixty Three Thousand Nine Hundred and 00/100 Dollars ($163,900.00) being designated to resolve claims of class members who filed valid claims, is a fair, reasonable and adequate settlement of the Class claims; the Settlement was reached pursuant to arms-length negotiations between the Parties which were concluded as a result of a Court-supervised settlement conference; the support for the Settlement expressed by Class Counsel and counsel for Defendant, who both have significant experience representing parties in complex class actions, including those involving wage claims, including claims for unpaid wages including owed overtime, and minimum wages, , weighs in favor of approval of the Settlement; the absence of any putative Class Members opting out of the settlement or filing objections to the Settlement supports approval of the Settlement; and the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and that the stage of the proceedings thus warrants approval of the Settlement.

5.      As identified by the Plaintiffs' Unopposed Motion for Final Approval and supporting Memorandum of Law and the Declaration of Alma Perez, attached thereto, the Court finds that there were zero individuals who timely requested exclusion from the Settlement Class.

6.      Payments to Named Plaintiffs for their underlying claims as set forth in the Stipulation of Settlement, are approved and shall be awarded to Ignacio Blancas, Pedro Morales, Salvador Quintana, Arturo Avila and Arturo Ortiz pursuant to the terms of the Stipulation of Settlement.

7.      Class Counsel is awarded $90,000.00, or thirty percent (30%) of the Total Settlement Amount, for attorneys' fees and costs.

8.      In accordance with the Stipulation of Settlement, within fifteen (15) business days

of the Final Approval of the Settlement Agreement and submission of the executed General Release to Defendants' counsel by each Named Plaintiff, the Settlement Administrator, Defendants, shall mail to Workers' Law Office P.C. all payments due to the Named Plaintiffs.

9.      In accordance with the Settlement Agreement, within fifteen (15) business days of the Final Approval of the Settlement Agreement, Defendants, will:

(i)     mail a check via U.S. certified mail to each Class Member who timely returned a Claim Form within the terms set forth in this Agreement in an amount representing the net Settlement per Class Member as described in the Parties' Stipulation of Settlement;

(ii)    mail via U.S. certified mail, or deliver via messenger, to the Workers' Law Office P.C., 401 S. LaSalle St., Suite 1400, Chicago, Illinois 60605, a check in the amount $90,000.00 to compensate the Workers' Law Office P.C. for attorneys' fees, litigation expenses, and costs incurred in this case; and

(iii)   mail via U.S. certified mail, or deliver via messenger, to Workers Law Officer P.C., 401 S. LaSalle St., Suite 1400, Chicago, Illinois 60605, all payment to Named Plaintiffs, as described in the Parties' Stipulation of Settlement;

10.     Within Twenty business days of the final approval of the Parties Settlement Agreement, Defendants will

(i)     Provide Plaintiffs' Counsel with (a) copies of all checks mailed to the Payees, (b) the date(s) of such mailing, and (c) a ledger listing the certified mail tracking numbers associated with this mailing.

11.     Within 90 days from the date of issuance of Settlement Payment checks to Class Members, any settlement check returned to Defendants and not otherwise claimed by a Payee

will be voided, and amounts payable pursuant to such check shall become part of the Remainder Amount.

12.     Any remainder fund after payment of all valid claims shall be distributed In accordance with the Stipulation of Settlement, with one half of the remainder being donated to the Working Hands Legal Clinic, and the balance reverting to CSR.

13.     Within ten business days after expiration of the 90 day deadline for Class Members to cash their Settlement Payment checks, Defendants' counsel will provide Plaintiffs' counsel a list identifying by Payee and check number any check returned to CSR as undeliverable or unclaimed, or for which a stop payment order was issued, and copies of all checks cashed by Class Members.

14.     This Court hereby dismisses all claims released in the Stipulation of Settlement on the merits and with prejudice and without costs to any of the Parties as against any other settling Party, except as provided in the Stipulation of Settlement.

15.     The Court grants final approval of the Settlement and all of its terms as set forth within the Stipulation of Settlement filed August 14, 2013 (Doc. 26-1), attached hereto as Exhibit A and incorporated into this Order of Final Approval in its entirety. This matter is dismissed without prejudice. The Court will retain jurisdiction over this matter for a period of 120 days for the sole purpose of interpreting, implementing and enforcing this Order and the Stipulation of Settlement consistent with its terms. After 120 days from the date of this Order, the dismissal of this action will be deemed a dismissal with prejudice without further order of this Court.

16.     The Clerk is directed to enter judgment consistent with this order and close this file.

ORDERED this 12 day of December, 2013 in Chicago, Illinois

THE HONORABLE THOMAS M. DURKIN
UNITED STATES JUDGE FOR THE NORTHERN
DISTRICT OF ILLINOIS